UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**THOMAS WARDER, ETC., ET AL**                                          CIVIL ACTION

**VERSUS**                                                                       NO. 2:09-cv-04191-HGB-DEK

**SHAW GROUP, INC., ET AL**                                         SECTION: "C" (3)

## ORDER AND REASONS[1]

Before this Court is the Motion to Request Entry of Final Judgment as to Count 2, Or, in the Alternative, to Certify Permissive Interlocutory Appeal filed by Relators Thomas Warder, Gary Keyser, and Elizabeth Reeves ("Warder Relators"). No. 09-4191, Rec. Doc. 89. Defendants Fluor Enterprises, Inc., Shaw Environmental, Inc., and CH2M HILL Constructors, Inc. oppose the motion. No. 09-4191, Rec. Doc. 92-94. Having considered the record, the memoranda of counsel and the law, the Court has determined that the Relators' Motion to Request Entry of Final Judgment as to Count 2, Or, in the Alternative, to Certify Permissive Interlocutory Appeal is DENIED.

## I. BACKGROUND

The Warder Relators were Federal Emergency Management Agency ("FEMA") employees; they all served as technical Supervisory Program Managers and Contracting Officer Technical Representatives ("COTRs"), and they worked directly and specifically on FEMA's Individual Assistance-Technical Assistance Contracts ("IA-TACS"), which were designed to assist displaced Gulf Coast residents after Hurricane Katrina in 2005. No. 09-4191, Rec. Doc. 4 at ¶ 3, Rec. Doc. 89-1 at 1. The Warder Relators brought suit against defendants under the False Claims Act ("FCA"), 37 U.S.C. §3729, *et seq.*, claiming the defendants defrauded the

---

[1] Cindy Allen, a second-year student at Emory University School of Law, assisted in the preparation of this Order and Reasons.

1

Government. No. 09-4191, Rec. Doc. 4 at ¶ 1, Rec. Doc. 89-1 at 1. Specifically, in Count 2, the Warder Relators alleged that the "defendants charged the government unreasonable fees because the work defendants did in installing [temporary housing units ("THUs")] on both private and group sites was substandard." No. 09-4191, Rec. Doc. 4 at ¶ 54. The Warder Relators claim that the defendants "completely failed to test and inspect the [liquefied petroleum ("LP")] gas systems on the THUs they installed." No. 09-4191, Rec. Doc. 89-1 at 2.

The case at hand was previously consolidated with another, related case, No. 06-11229, brought by Relators Terry D. McClain and Jen L. Hodges ("McClain Relators"). No. 06-11229, Rec. Doc. 60. In their case, "the McLain Relators allege[d] that defendants employed subcontractors to install [LP] systems in the trailers that lacked state-mandated training, licensing, permits, and/or certification to perform the installations." No. 09-4191, Rec. Doc. 87 at 2. The defendants moved to dismiss Count 2 of the Warder Relators' complaint pursuant to the FCA's first-to-file rule, 31 U.S.C. § 3730(b)(5), because the "first-filed *qui tam* lawsuit [the McClain Relators' suit] based on the same underlying facts and material allegations was filed nearly three years before the [Warder Relators'] lawsuit and is pending before Judge Berrigan." No. 06-11229, Rec. Doc. 61, 61-1 at 1, 69, & 76.

On September 3, 2013, the Court ruled that Count 2 of the Warder Relators' complaint was not barred by the first-to-file rule, finding instead that the Warder Relators and McClain Relators' complaints were sufficiently different. No. 06-11229, Rec. Doc. 203 at 13; Rec. Doc. 204 at 6.  However, the Court then changed course; it reconsidered its prior ruling after "the McClain Relators moved to deconsolidate, bi-furcate, or sever their complaint from that of the Warders" and the Warders admitted in opposition to that motion that "success on the merits by the McClains could prevent them from recovering on Count II." No. 09-4191, Rec. Doc. 87 at 2.

2

Subsequently, on May 6, 2014, the Court dismissed Count 2 of the Warder's complaint "for lack of subject matter jurisdiction under the 'first to file' rule," finding that there was not in fact sufficient difference between the Warder's and the McClain's claims. No. 09-4191, Rec. Doc. 87. In the May Order, No. 09-4191, Rec. Doc. 87, the Court noted that, in the past, the Court had "embraced a narrow, and apparently false, distinction between the allegations of the two complaints." *Id.* at 5. Rather, the fact that the McClains:

> clearly urge broader non-compliance with LP safety regulations, including specifically the failure to properly perform required safety testing…along with the Warders' admission that they are claiming under the same contracts and for the same trailer installations as the McClains, means that there is one-to-one overlap on both essential and non-essential elements of these two claims.

*Id.* at 5-6.

The Warder Relators now move for this Court to either "enter final judgment as to Count 2 pursuant to Federal Rule of Civil Procedure 54(b), or in the alternative, to certify this controlling question of law—whether Relators' allegations in Count 2 are barred by § 3730(b)—for interlocutory appeal pursuant to 28 U.S.C. § 1292(b)." No. 09-4191, Rec. Doc. 89-1 at 2.

## II. STANDARD OF REVIEW

According to Federal Rule of Civil Procedure 54(b):

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54. In determining whether to enter final judgment, courts properly consider "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-*

3

*Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Rule 54(b) "reflects a balancing of two policies: avoiding the danger of hardship or injustice through delay which would be alleviated by immediate appeal and avoid[ing] piecemeal appeals." *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (internal quotation marks omitted) (quoting *PYCA Indus. v. Harrison County Waste Water Management Dist.*, 81 F.3d 1412, 1421 (5th Cir.1996)). Entry of final judgment "should not be entered routinely as a courtesy to counsel."
*PYCA*, 81 F.3d at 1421.

> 28 U.S.C. § 1292(b) governs the certification of interlocutory orders for appeal.
>
> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). In order to certify an issue for appeal, the appealable issue must involve: "(1) a controlling issue of law; (2) a substantial ground for a difference of opinion; and (3) a question whose immediate appeal from the order will materially advance the ultimate termination of the litigation." *Gulf Coast Facilities Mgmt., LLC v. BG LNG Servs., LLC*, 730 F. Supp. 2d 552, 565 (E.D. La. 2010) aff'd sub nom. Gulf Coast Facilities Mgmt., L.L.C. v. BG LNG Servs., L.L.C., 428 F. App'x 318 (5th Cir. 2011). Like entries of final judgment, certifications for interlocutory appeal are not given as a matter of course. "Interlocutory appeals are exceptional…and assuredly do not lie simply to determine the correctness of a ruling." *Id.* (internal quotation marks omitted) (citing *Clark–Dietz & Associates–Engineers, Inc. v. Basic Constr. Co.,* 702 F.2d 67, 67–69 (5th Cir.1983)).

## III. LAW AND ANALYSIS

### A. ENTRY OF FINAL JUDGMENT

The Warder Relators have not shown that injustice would result if this Court does not enter final judgment as to Count 2 pursuant to Fed. R. Civ. P. 54(b). They allege that a delay in an appeal and resolution of appeal on Count 2 could take 2-3 years and that such a delay would work a hardship because the events at issue here took place 8-9 years ago. No. 09-4191, Rec. Doc. 89-1 at 4. However, time is properly measured from when the complaint was filed, not from when the events at issue transpired. Here, the possible delay in appeal and resolution of appeal is no more burdensome than it would be in any other large-scale suit. The delay itself would also not work any significant hardship, unlike in *Curtiss-Wright*, where a delay in the entry of final judgment would have significantly harmed the plaintiff financially. *Curtiss-Wright*, 446 U.S. at 11-13. Moreover, any hardship that arguably would result from delay is mitigated by the fact that the same issues raised in Count 2 will be litigated in the McClain Relators' case.

However, there is a danger of piecemeal appeals if this Court were to grant an entry of final judgment. The defendants would have to litigate in two separate forums simultaneously if final judgment were entered on Count 2. Though the issue of whether Count 2 is barred by the first-to-file rule is in some sense separable from the remaining counts and is unlikely to be raised in any subsequent appeals, the distinctness of the claim is outweighed by the possible injustice to the defendants and the fact that delay would not cause a hardship. Accordingly, the Warder Relators' Motion to Request Entry of Final Judgment as to Count 2 is DENIED.

**B. PERMISSIVE INERLOCUTORY APPEAL**

Disagreement with the district court's ruling does not establish a substantial ground for difference of opinion. *Harch Hyperbarics, Inc. v. Martinucci*, 09-7467, 2010 WL 4665923 at *2 (E.D. La. Nov. 9, 2010).

> Instead, a substantial ground for difference of opinion exists if there is a 'genuine doubt as to the correct legal standard' to be applied. Such a circumstance can arise if 'the circuits are in dispute on the question and the Court of Appeals of the circuit [encompassing the district court] has not spoken on the point ... or if novel and difficult questions of first impression are presented.'

*Id.* at *3. The Warder Relators' have not alleged that there is "genuine doubt as to the correct legal standard;" rather, they merely point out that the Court reconsidered a prior ruling and reversed course on the first-to-file issue. No. 09-4191, Rec. Doc. 89-1 at 6. Seeking a review of the Court's application of the "same or material essential elements" test is an insufficient basis for a certification of permissive interlocutory appeal. The Fifth Circuit adopted the "essential facts" or "material elements" standard in *U.S. ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 377 (5th Cir. 2009) and noted that other circuits have widely applied the same test. Because the Warder Relators' have not shown that there is a substantial ground for difference of opinion, the Court does not need to determine whether Count 2 concerns a controlling issue of law or whether it is a question whose immediate appeal from the order will materially advance the ultimate termination of the litigation.

Accordingly, IT IS ORDERED that the relators' Motion to Request Entry of Final Judgment as to Count 2, Or, in the Alternative, to Certify Permissive Interlocutory Appeal is DENIED.

New Orleans, Louisiana this 24th day of July, 2014.

_____
**HELEN G BERRIGAN**
**UNITED STATES DISTRICT JUDGE**