UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. ex rel. THOMAS WARDER, GARY KEYSER, and ELIZABETH REEVES | CIVIL ACTION NO. 09-4191 |
| VERSUS | SECTION "C" |
| FLUOR ENTERPRISES, INC., SHAW ENVIRONMENTAL, INC., and CH2M HILL, INC. | HON. HELEN BERRIGAN |

**ORDER AND REASONS**

Before the Court is a Motion to Sever filed by Shaw Environmental, Inc. ("Shaw"). Rec. Doc. 106. The motion seeks to sever claims against Shaw in Count One of the Fifth Amended Complaint into an independent proceeding. *Id*. at 1. Plaintiff-relators, Thomas Warder, Gary Keyser, and Elizabeth Reeves ("Relators"), oppose the motion, and Shaw filed a brief in reply to the opposition. Rec. Docs. 110, 112-2. For the reasons set forth herein, the Court DENIES the Motion.

I.   **Factual Background**

The factual background of this case has been described at length in this Court's prior orders. (See Rec. Doc. 87) As previously recited by this Court, the Relators are former employees of the Federal Emergency Management Agency ("FEMA") who worked on FEMA

contracts designed to assist displaced Gulf Coast residents after Hurricane Katrina in 2005. No. 09-4191, Rec. Doc. 4 at ¶ 3, Rec. Doc. 89-1 at 1. Briefly, the Relators brought suit against Fluor and Shaw under the False Claims Act ("FCA"). In count one of their Fifth Amended Complaint, the Relators claim that Fluor and Shaw knowingly double or triple-billed FEMA for placing temporary housing units ("THUs"). Rec. Doc. 258, ¶56 at 22. They further allege in count three that Fluor alone knowingly charged FEMA for work done outside the scope of its contracts and/or for work that it did not do. *Id.*, ¶59 at 23. Count two of the Fifth Amended Complaint, which alleged that the defendants failed to ensure that THUs complied with federal, state, and local codes and regulations prior to claiming payment from FEMA. No. 09-4191, Rec. Doc. 87. Now, Shaw moves the Court to sever the claims against it.

### II.     Law and Analysis

District courts have broad discretion to sever issues that will be tried before them. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). When determining whether to sever claims, courts apply the standard set forth in Federal Rule of Civil Procedure 20 for permissive joinder. *Acevedo v. Alssup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). The factors to be considered under Rule 20(a) are (1) whether a right to relief is asserted jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) whether any questions of law or fact common to all defendants will arise in the action. In addition, district courts in this jurisdiction may consider whether settlement or judicial economy would be promoted; whether prejudice would be averted by severance; and whether different witnesses and documentary proof are required. *Westley v. Progressive Specialty Ins. Co.*, Civ. A. 14-1410, 2014 WL 4489620, *6

(E.D. La. 9/10/2014). The United States Supreme Court has urged that "the impulse is toward entertaining the broadest scope of action consistent with fairness to the parties" and that "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).

1. *Count One*

In Count One of the Fifth Amended Complaint, the Relators allege:

Fluor and Shaw "knowingly presented false or fraudulent claims for payment, credit or reimbursement to FEMA, an agency of the United States Government, in violation of 31 U.S.C. § 3729(a)(1) and 31 U.S.C. § 3729(a)(1)(A) (2009), because they submitted claims for work that included double or triple billing for work or billing for work not done. Fluor and Shaw further submitted false claims because these invoices were not submitted with adequate documentation, preventing government officials from determining the accuracy of the billing.

Rec. Doc. 258, ¶56 at 22. The Fifth Amended Complaint alleges that during the same time period from September 2005 until November 2005, both Fluor and Shaw employees issued work orders to the companies without proper authorization. The Complaint alleges that at least one employee issued work orders to both Fluor and Shaw. *Id*., ¶21-22 at 8. In other instances, both Fluor and Shaw issued themselves work orders to place THUs with the vehicle identification numbers ("VINs") within a short span of time. *Id*., ¶34 at 14.

2. *Same transaction or occurrence*

Shaw argues that the Relators have not alleged joint liability arising out of a common transaction or occurrence. Rec. Doc. 112-2 at 3. However, this argument misstates the standard for severance. The Relators need not allege that the right to relief is asserted jointly or severally *and* arises out of the same transaction or occurrence. Rather, Rule 20 clearly sets forth that Relators need only allege one of these grounds, and then show that common questions of law or fact arise in the action. Fed. R. Civ. Pro. 20. Thus, the Court finds this argument unavailing.

Shaw also argues that the Relators' claims against Shaw and Fluor do not, in fact, arise out of the same transaction or occurrence. According to Shaw, the fact that Shaw and Fluor performed disaster relief work under the same FEMA program in the aftermath of Hurricane Katrina does not satisfy the same transaction or occurrence requirement. Rec. Doc. 112-2 at 3. The Relators respond that the same transaction or occurrence requirement can be satisfied if the claims are merely "logically connected," if the "likelihood of overlapping proof and duplication of testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and the court." Rec. Doc. 110 at 3 (quoting *Corkern v. Hammond City*, No. 11-18282012, 2012 WL 2597561, *2 (E.D. La. 7/5/2012). The Fifth Circuit has approved of the "logically connected" standard when entertaining motions to sever claims. *See In re EMC Corp.*, 677 F.3d 1351, 1358 (5th Cir. 2012). Relators point to the fact that Fluor and Shaw allegedly transported and installed THUs from "the same pool of available units" and allege that the companies improperly claimed to have worked on around two hundred of the same THUs, according to common VINs appearing in both Fluor and Shaw's records. Rec. Doc. 110 at 4 (citing Declaration of Louisa O. Kirakosian, Rec. Doc. 110-1). Thus, the claims against Fluor and Shaw are logically related because the allegedly unauthorized billing by both defendants resulted in double or triple billing for the placement of the same units. *Id*.

The Court agrees that the claims alleged in Count One are logically related, and arise from the same transaction or series of transactions. Although Shaw argues that the roughly 200 VINs appearing in both Fluor and Shaw's records are a small percentage of the approximately 70,000 installations Shaw claims the defendants performed, the work done on these THUs are at the heart of whether the violations alleged in Count One have merit. Under Respondents' theory, the allegedly duplicative billing of work done on individual THUs in many instances will

implicate both Fluor and Shaw in a single transaction if both Fluor and Shaw improperly issued work orders for the same THU.[1]

### 3. Common questions of law or fact

Shaw also contends that the claims against Shaw and claims against Fluor share no common issues of law or fact. Rec. Doc. 106-1 at 6. Shaw asserts that "Shaw and Fluor installed different FEMA-owned THUs in different locations using different subcontractors on different dates and times," and points to their separate contracts, task orders, and submitted invoices to show that no common issues of fact exist. *Id*. Furthermore, Shaw argues that the questions of law are highly fact-intensive, and are thus not common between the claims against Fluor and Shaw. *Id*. at 7. However, because whether both Shaw and Fluor improperly billed for transporting and installing the same THUs is at the heart of Count One, there will necessarily be common questions of fact relating to when particular THUs were transported and placed and by whom, and questions of law as to whether those actions violated the FCA. Accordingly, the Court finds the second requirement of Rule 20(a)(1) satisfied.

### 4. Other considerations

In addition to the two enumerated requirements of Rule 20(a), district courts also consider whether settlement or judicial economy would be promoted; whether prejudice would be averted by severance; and whether different witnesses and documentary proof are required. *Westley*, Civ. A. 14-1410, 2014 WL at *6 (E.D. La. 9/10/2014). As discussed above, the "likelihood of overlapping proof and duplication of testimony" also informs district courts' decisions to sever. *Corkern*, No. 11-18282012, 2012 WL 2597561, *2 (E.D. La. 7/5/2012).

---

[1] Shaw argues that the mere fact that some VINs are shared between its database and Fluor's does not support a violation of the False Claims Act. Rec. Doc. 112-2 at 5. However, whether a THU was installed by either Shaw or Fluor and then subsequently reinstalled by the other in accordance with FEMA requirements is an issue of fact, the resolution of which is improper in a motion to sever.

Shaw argues that failing to sever claims against it from the rest of the action will not facilitate judicial economy because pursuing claims against Shaw and Fluor will require different witnesses and documentary proofs, leading to increased costs in discovery and the introduction of irrelevant witnesses and evidence, and complicate trial logistics. Rec. Doc. 106-1 at 8. The Relators counter that judicial economy would be promoted because the claims against Shaw require proof and testimony that overlap with those against Fluor. The Relators state that they would need to be deposed twice if Shaw's claims were severed. Rec. Doc. 110 at 6. The Court notes that apart from the Relators themselves, the Fifth Amended Complaint alleges that Belinda Brown, a Shaw employee, issued over 2,000 work orders for both Shaw and Fluor in 2005, and would likely necessitate duplicative deposition if the claims were severed. Rec. Doc. 258, ¶22 at 8. It is also likely that any other Shaw and Fluor employees who handled work orders and invoices for the roughly 200 THUs whose VINs appear in both Shaw and Fluor's records would need to testify twice. Thus, the Court finds that judicial economy would be served by allowing the claims against Shaw to continue to proceed as part of this action.

Finally, Shaw objects that forcing the defendants to sit through factual testimony pertaining to allegations asserted against Fluor alone would be unnecessarily burdensome. Rec. Doc. 106-1 at 8-9. However, this type of inconvenience is not unusual in complex litigation and does not justify severance here. Thus, the Court finds that the other relevant considerations militate in favor of allowing the action to proceed with the inclusion of the claims against Shaw.

Accordingly, IT IS ORDERED that the Motion to Sever is DENIED.

New Orleans, Louisiana, this 13th day of January 2015.

_____
UNITED STATES DISTRICT JUDGE