UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS WARDER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-4191** |
| **SHAW GROUP, INC., ET AL.** | **SECTION "A" (3)** |

## ORDER

On March 16, 2016, this Court heard oral argument on Shaw Environmental, Inc.'s Second Motion to Compel [Doc. #200] and Shaw Environmental, Inc.'s Motion for Attorney's Fees [Doc. #201]. On March 22, 2016, this Court granted the motion to compel filed by Shaw Environmental, Inc. ("Shaw") and took the motion for attorney's fees under advisement pending the corporate depositions of Shaw and of co-defendant Fluor Enterprises, Inc. [Doc. #225]. Those depositions have occurred. Having reviewed the motion for attorneys' fees, the opposition, and the case law, the Court rules as follows.

**I.    Background**

The underlying factual background of this dispute is irrelevant to the motion for attorneys' fees. This Court granted Shaw's first motion to compel on July 8, 2015. [Doc. #176]. Shaw now moves for its attorneys' fees incurred in the filing of both the first motion to compel and the motion for attorneys' fees.

**II.    Law and Analysis**

Under Federal Rule of Civil Procedure 37,

> If [a] motion [to compel] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable

>expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii) (emphasis added).  Under this rule, the Court must award Shaw its reasonable expenses in filing the motion to compel unless one of the exceptions applies.  *See id.*  The Court finds that none of the exceptions applies.  Relators argue that "sanctions" are unjustified in this case because there is no evidence that they acted willfully or in bad faith.  That is not the criteria here.  Accordingly, the Court finds that Shaw is entitled to its reasonable expenses incurred in the filing of the motion to compel and will proceed to the Lodestar calculation.

**III.    The Lodestar Approach**

Shaw seeks $63,455.52 in fees. The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.,* 919 F.2d 374, 379 (5th Cir.1990).  A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous.  *Hopwood v. State of Texas*, 236 F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the Court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the

2

requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors*, 919 F.2d at 379.  The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

To assess the reasonableness of attorneys' fees, the Court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney.  *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir. 1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir. 1992).

A.     **Reasonable Hourly Rates**

This Court must first determine if the hourly rates are reasonable given counsel's ability, competence, experience, and skill. Dentons US L.L.P. ("Dentons") is a law firm in, *inter alia*, Denver, Colorado and Atlanta, Georgia.  Having discounted its hourly rates, Shaw seeks a rate of $470.79/hour for Sandra Wick Mulvany, $300.09/hour for a Ms. Grainger, and $233.28/hour for a Ms. DeFrancisco.  Plaintiffs dispute these hourly rates, arguing that they are higher than those rates normally awarded in this district.

Mulvany is admitted to practice law before this Court.  Grainger is not admitted pro hac

vice by the District Court and appears nowhere on the docket sheet. Mulvany is a partner with fourteen (14) years of experience, Grainger is an associate with twenty (20) years of experience in commercial litigation, and DeFrancisco is a paralegal. It is well-established law that "[h]ourly rates are to be computed according to the prevailing market rates in the relevant legal market, not the rates that 'lions at the bar may command.'" *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000) (quoting *Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990) (internal quotation marks and citation omitted)).

Accordingly, this Court can not award Mulvany the $470.79/hour that Shaw seeks. The majority of the courts in this district sanction lower rates, and this Court is reticent to set new precedent in this area. This Court's review of the case law in this district for the past six years reveals that Mulvany's requested hourly rate requires an adjustment based on the practice of law in this district. *See, e.g., J & J Sports Prods., Inc. v. Mattech, L.L.C.*, Civ. A. No. 14-987, 2015 WL 5823026, at *2 (E.D. La. Oct. 6, 2015) (adopting this Court' recommendation that awarded $300.00/hour to attorney with 33 years experience); *EnVen Energy Ventures, L.L.C. v.Black Elk Energy Offshore Operations, L.L.C.*, Civ. A. No. 14-424, 2015 WL 3505099, at *1-3 (E.D. La. June 3, 2015) (adopting this Court's order approving hourly rate of $325 for an attorney with twenty years of experience, $300 for an attorney with ten years of experience, and $275 for an attorney with seven years of experience); *Offshore Marine Contractors, Inc. v. Palm Energy Offshore, L.L.C.*, Civ. A. No. 10–4151, 2014 WL 5039670 (E.D. La. Sept. 25, 2014) (awarding $325.00/hour, $275.00/hour, and $225.00/hour to attorneys with 19, seven, and four years experience, respectively); *Cox v. Precision Surveillance Org.*, Civ. A. No. 13-6600, 2014 WL

4

1785350, at *1 (E.D. La. May 5, 2014) (awarding fees for an hourly rate of $325 for an attorney with 23 years of experience and $275 for an attorney with 10 years of experience); *Barrack v. Pailet, Meunier & LeBlanc, L.L.P.*, Civ. A. No. 12-2716, 2013 WL 6198861 (E.D. La. Nov. 27, 2013) (approving $250/hour for attorney with 24 years experience); *Cole v. Orleans Parish Sheriff's Office*, Civ. A. No. 11-2211, 2013 WL 5557416 (E.D. La. Oct. 8, 2013) (reducing hourly rates from $300/hour to $275/hour for attorney with 34 years experience and from $300/hour to $250/hour for attorney with 29 years experience); *Foley v. SAFG Retirement Servs., Inc.*, Civ. A. No. 10-2827, 2012 WL 956499 (E.D. La. Mar. 20, 2012) (reducing hourly rates from $450/hour to $350/hour for attorney with 30 years experience and from $300/hour to $275/hour for attorney with eight years experience); *Constr. Courht, Inc. v. Jenkins*, Civ. A. No. 11-1201, 2001 WL 3882271 (E.D. La. July 29, 2011) (approving $350/hour for partners with 30 and 36 years experience); *Entergy La., L.L.C. v. The Wackenhut Corp.*, Civ. A. No. 09-7367, 2010 WL 4812921 (E.D. La. Nov. 17, 2010) (awarding $175.00/hour to attorney with 16 years of experience); *Wilson v. Tulane Univ.*, Civ. A. No. 09-7451, 2010 WL 3943543 (E.D. La. Oct. 4, 2010) (awarding $250.00/hour and $160.00 hour to attorneys with 25 and four years experience respectively); *Gulf Coast Facilities Mgmt, L.L.C. v. BG LNG Servs., L.L.C.*, Civ. A. No. 09-3822, 2010 WL 2773208 (E.D. La. July 13, 2010) (awarding $300.00/hour to attorneys with 17 years experience and $180.00/hour and $135.00/hour to attorneys with seven years and two years experience respectively); *Hebert v. Rodriguez*, Civ. A. No. 08-5240, 2010 WL 2360718 (E.D. La. June 8, 2010) (awarding $300.00/hour to attorney with 33 years of experience); *Belfor USA Group, Inc. v. Bellemeade Partners, L.L.C.*, Civ. A. No. 09-158, 2010 WL 6300009 (E.D. La. Feb. 19, 2010)

(awarding $210.00/hour, $250.00/hour and $180.00/hour to attorneys with 20, ten and four years experience respectively); *Marks v. Standard Fire Ins. Co.*, Civ. A. No. 09-1947, 2010 WL 487403 (E.D. La. Feb. 3, 2010) (awarding $185.00/hour to attorney with seven years of experience).

Considering the prevailing market rates in the Greater New Orleans area, and the reasonable fees set by the courts in this district, the Court finds that the aforesaid hourly rate is beyond the higher end of the range of the market rate in this area. The Court finds that $325.00/hour is a reasonable rate for the services of Mulvany, a partner with 14 years of experience.

With regard to Grainger, the Court is more circumspect. The Court's review of the case law reveals that the issue of whether a court may award fees to an attorney from outside a district who is not admitted pro hac vice has created what appears to be a circuit split. *Compare Priestley v. Astrue*, 651 F.3d 410, 416 (4th Cir. 2011) (holding that the Equal Access to Justice Act "authorizes the plaintiffs to receive reimbursement for work performed by an attorney, regardless of whether the attorney performing the work is admitted to practice or not.") *with Gilmore v. Elmwood South, L.L.C.*, Civ. A. No. 13-37, 2015 WL1245770 (E.D. La. Mar. 18, 2015) (declining to award fees to attorney not admitted pro hac vice to the Eastern District of Louisiana) and *Shapiro v. Paradise Valley Unified School Dist. No. 69*, 374 F.3d 857, 862 (9th Cir. 2004) (affirming district court's award of attorneys' fees only from date of attorney's admission pro hac vice) and *Idaho Sporting Congress, Inc. v. Alexander*, 23 Fed. Appx. 713, 714 (9th Cir. 2001) ("Failure of ISC counsel to properly and timely secure pro hac vice admission before the district court was a

sufficient reason to deny ISC's application for attorneys' fees . . . .").[1]

Grainger seeks fees for 71.7 hours, and the Court must take judicial notice of the fact that the District Court never admitted Grainger to practice pro hac vice in this district. That absence of pro hac vice status gives the Court pause. Pro hac vice rules exist for a reason: To ensure that an attorney is eligible and qualified to practice law in this district. Without filing a motion for admission pro hac vice with the proper supporting documentation, this Court could not – generally – conclude that Grainger was ever qualified to practice law here.

Notwithstanding this conclusion, Mulvany's sworn affidavit outlines Grainger's qualifications. Mulvany notes that Grainger is a member in good standing of the Colorado Bar and is licensed to practice in numerous federal district courts and courts of appeals. [Doc. #201-2 at ¶ 10]. This Court has no reason to doubt Mulvany's affidavit, and relators have given it no cause to do so. The Court finds that had she properly filed a motion for pro hac vice admission, this Court would have granted it and that Grainger is qualified to practice law before this Court. And, according to the case law outlined above, the Court finds that $300.09/hour is appropriate for Grainger. Even though an associate with Dentons, she has 20 years of experience in complex commercial litigation.

With regard to DeFrancsico, determining a paralegal's expenses is a two-step process. First, the Court must determine whether a party can recover paralegal expenses in this case. Paralegal expenses are not considered "costs." *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982).

---

[1] This Court also held similarly in *Fund for Louisiana's Future v. La. Bd. of Ethics*, Civ. A. No. 14–368 (E.D. La. Sept. 24, 2014), Doc. #52 (rejecting fees by attorney not admitted pro hac vice in the Eastern District of Louisiana).

Such expenses may be recovered as part of an award for attorneys' fees, but only to the extent that the paralegal's duties consist of work traditionally done by an attorney. *Id.* Otherwise, paralegal expenses are "separately unrecoverable overhead expenses." *Id.* (citing *Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325 & n.1 (5th Cir. 1980)). Work traditionally performed by an attorney includes "digesting depositions, collating, marking and indexing exhibits, [and] preparing and arranging for service of subpoenas." *Norris v. Causey*, Civ. A. No. 14-1598, 2016 WL 1046101, at *9 (E.D. La. Mar. 16, 2016). Having reviewed the billing statements, the Court finds that DeFrancisco performed work traditionally done by attorneys. Accordingly, the Court will award Shaw her hours.

However, with regard to the hourly rate for DeFranciso ($233.28), the Court finds that such is not the prevailing hourly rate for a paralegal in this district. *See, e.g., Loiacano v. DISA Global Sols.*, Civ. A. No. 14-1750, 2016 WL2926679, at *2 (E.D. La. May 19, 2016) (awarding $150.00/hour for a paralegal); *Norris*, 2016 WL 1046101, at *10 (awarding $80.00/hour for a paralegal); *United States v. Russel Grillot, Grillot Constr., L.L.C.*, Civ. A. No. 14-2539, 2015 WL 9672688, at *5 (E.D. La. Dec. 14, 2015) (awarding $125.00/hour for a paralegal); *Offshore Marine Contractors, Inc. v. Palm Energy Offshore, L.L.C.*, Civ. A. No. 10-4151, 2015 WL 5306229, at *3 (E.D. La. Sept. 10, 2015) (awarding $100.00/hour for a paralegal); *In re Hollander*, Case No. 04-14550, 2015 WL 4456070, at *7-7 (Bankr. E.D. La. July 20, 2015) (awarding $90.00/hour for a paralegal). Accordingly, this Court will reduce DeFrancisco's hourly rate to an appropriate rate of $130.00/hour.

Shaw asks the Court to award higher hourly rates than those awarded normally in this

district. The Court will address these arguments in the section below on the applicability of the *Johnson* factors.

>    **2.      Reasonable Hours Expended**

Shaw seeks fees for the following hours: 61.2 hours for Mulvany, 112.10 hours for Grainger, and 4.3 hours for DeFrancisco. To calculate the lodestar, the Court next determines whether the number of hours that defense counsel expended was reasonable. The burden of proving the reasonableness of the hours expended is on the fee applicant. *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001). As a general proposition, all time that is excessive, duplicative, and/or unproductive should be excised from any award of attorney's fees. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The fee seeker's attorneys "are charged with proving that they exercised billing judgment." *Id.* at 770. When billing judgment is lacking, the Court must exclude from the lodestar calculation the hours that were not reasonably expended.

This Court has reviewed line by line the billing statement submitted on behalf of Shaw's counsel and finds the hours expended by counsel to be reasonable.

>    Over a five-month period, Shaw drafted and edited the memoranda in support of the motions to compel and for attorneys' fees, including all attendant pleadings. They researched the law for the memoranda, reviewed relators' discovery responses, communicated with relators regarding deficiencies in relators' responses (necessitating the motion to compel in the first

instance), communicated with their clients regarding their efforts, and prepared for and argued both motions before this Court. The Court's review of the billing statements reveals that counsel for Shaw exercised billing judgment and that the hours were reasonable under these circumstances. Indeed, in her affidavit, Mulvany notes that other attorneys also worked on the motion to compel and the motion for attorneys' fees (including Shaw's local counsel), but Shaw seeks fees for only those attorneys who input the most significant time on the motions. [Doc. #201- 2 at ¶¶ 5 & 15]. Accordingly, the Court will award 61.2 hours for Mulvany, 112.1 for Grainger, and 4.3 hours for DeFrancisco.

### 3.     The *Johnson* Factors

The Court must next consider whether the lodestar calculation should be adjusted upward or downward, depending on the circumstances of the case and the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir. 1987). The twelve *Johnson* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

Shaw indirectly argues for an upward adjustment here by contending that the hourly rates

10

awarded to its attorneys should be higher than those normally awarded by this Court. Shaw maintains that the local rates can be unduly restrictive to out-of-state counsel. Shaw notes that the fee agreement between it and Dentons sets forth the following hourly rates: (1) $510.00/hour for Mulvany; (2) $325.00/ hour for Grainger; and (3) $250.00/hour for DeFrancisco. Shaw also argues that the complexity of this FCA lawsuit warrants higher rates. It contends that this a complex *qui tam* action that involves a massive scope of work by Shaw to the federal government, implicating both federal procurement and contracts law.

The Court finds that the *Johnson* factors do not warrant an upward (or downward) adjustment under the factual circumstances here nor do they warrant an adjustment of the hourly rates. The fees per hour that this Court has awarded are in the higher range of this district, and the scope of this motion involves fees for a motion to compel and a motion for attorneys' fees, not fees for the suit in its entirety.

**IV.    Conclusion**

**IT IS ORDERED** that Shaw Environmental, Inc.'s Motion for Attorney's Fees [Doc. #201] is GRANTED IN PART to the extent that this Court awards Shaw – for the motion to compel and the motion for attorneys' fees – $54,089.09 (Mulvany ($325.00/hour for 61.2 hours = $19,890.00); (Grainger ($300.09/hour for 112.10 hours = $33,640.09); (DeFrancsico ($130.00/hour for 4.3 hours = $559.00)).

New Orleans, Louisiana, this 23rd day of June, 2016.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

12