UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES ex rel.                                    CIVIL ACTION
THOMAS WARDER, ET AL

VERSUS                                                   NO. 09-4191

SHAW GROUP, INC., ET AL                                  SECTION "A"(3)

ORDER AND REASONS

Before the Court is the Rule 72 motion of relators Thomas Warder, Gary Keyser, and

Elizabeth Reeves: 1) appealing the magistrate judge's ruling on the motion for protective order

by defendant, Shaw Environmental, Inc. ("Shaw"); and 2) alternatively seeking leave to amend

its operative Fifth Amended Complaint. Rec. Doc. 279; s*ee also* Rec. Docs. 260 & 274. Shaw

opposes the relators' motion. Rec. Doc. 286. For the reasons that follow, relators' motion is

DENIED both as to relators' appeal and their request to amend the Fifth-Amended Complaint.

**I. Background**

This is a False Claims Act case in which relators allege that Shaw engaged in spurious

billing under contracts with the Federal Emergency Management Agency ("FEMA") to haul,

install, maintain, and deactivate temporary housing units following Hurricanes Katrina and Rita.[1]

Under the operative Fifth Amended Complaint, relators state a single count against Shaw,

alleging that it duplicatively billed FEMA for the same work or billed FEMA for work not

actually done. Civ. A. No. 06-11229, Rec. Doc. 258 at 22.

---

[1] Relators also have pending claims against defendant Flour Enterprises, Inc. ("Flour"). Relators initially stated a
claim against CH2M HILL Contractors, Inc.; however, that claim was dismissed. *See* Rec. Doc. 87. The Court
acknowledges the long and winding procedural history of this case. Rather than attempt to fully recount that history,
the Court instead provides only that background clearly pertaining to the instant motion.

According to the Fifth Amended complaint, relators are former employees of FEMA and worked as Supervisory Program Managers and Contracting Officer Technical Representatives. *Id.* at 2. In that capacity, relators allege they provided "technical administration, contractor oversight and certification of payments" and monitored efforts being performed by contractors working for FEMA in the aftermath of Hurricanes Katrina and Rita. *Id.* Relators allege that, under Shaw's contract with FEMA, Shaw was obligated to perform various services related to temporary housing units, including site selection and inspection, utility installations, unit hauling and installation, leasing, maintenance, and unit deactivation. *Id.* at 6.

Relators contend that Shaw entered information about their work for FEMA into a database ("FRRATS") created and maintained by a third-party FEMA contractor. *Id.* at 8. Between September 2005 and November 2006, relators allege that Shaw had the ability to issue itself and subsequently bill FEMA for work orders, without notice to the FEMA contracting officer or FEMA employees like relators. *Id.* at 8–22. Relators contend that FEMA approved invoices tying to such work orders without having access to the FRRATS database and without the invoices clearly indicating for what services were being billed. *Id.* Relators allege that during the period in which Shaw was issuing itself work orders, Shaw engaged in double and triple billing for the placement of the same trailer and billed for work outside of the region to be served under its contract with FEMA. *Id.* Relators allege that despite their having discovered the false billing scheme by "combing through complex spreadsheets after the fact," it was not possible for FEMA employees to ascertain the scheme at the time that these work orders were issued." *Id.* Relators further allege that Shaw had exclusive possession and control over the information necessary to prove the allegations and show damages. *Id.*

The case was filed under seal (in accordance with the False Claims Act) in June 2009. Rec. Doc. 1. After being unsealed three years later in October 2012, the case was consolidated with Civil Action Number 06-11229 in February 2013. *See* Rec. Docs. 31 & 85. While consolidated, the Court, Judge Berrigan presiding, denied Shaw's motion to dismiss as to the still-pending Count I. *See* Civ. A. No. 06-11229, Rec. Doc. 203.[2] On May 6, 2014, the case was deconsolidated from 06-11229. *See* Rec. Doc. 87. In November 2014, relators' initial counsel moved to withdraw, citing "irreconcilable differences" on the best way to proceed with the case. Rec. Doc. 115. The Court stayed proceedings for roughly two months before permitting current counsel for relators to substitute for relators' initial counsel in January 2015. *See* Rec. Docs. 115, 116, 118, & 121.

Since January 2015, the case has been continued twice, with numerous discovery-related motions submitted to the assigned magistrate judge, who has performed an extremely commendable role in this proceeding.[3] On January 5, 2016, the case was temporarily realloted to Section A. Rec. Doc. 196. On March 2, 2016, the Court held a status conference to discuss a motion to extend expert deadlines by relators and set a trial date accommodating Section A's calendar. Rec. Docs. 207. The Court ordered the parties to submit a joint proposed case management order. *Id.*

Prior to the submission of the joint proposed case management order, Shaw filed a motion for summary judgment April 5, 2016. Rec. Doc. 229. On April 7, 2016, the Court held a status conference to discuss the parties' proposed case management order and coordinate with

---

[2] By separate order, the Court dismissed relators' Count II against Shaw as jurisdictionally barred under the False Claims Act. *See* Rec. Doc. 87.

[3] Trial dates have been continued twice either by consent or unopposed motion. *See* Rec. Docs. 133, 138, 189, & 192. Judge Knowles has entered multiple orders regarding the scope of discovery and nature of the party's discovery obligations. *See* Rec. Docs. 139, 176, 194, 225, 238, & 274.

the parties to set a revised scheduling order containing deadlines for expert reports, discovery, and pretrial motion practice. Rec. Doc. 235.

On May 13, 2016, Shaw filed a motion for a protective order, seeking to prevent relators from pursuing discovery related to the issue of so-called "standby time." Rec. Doc. 260. Shaw argued in the motion that the standby time issue amounts to a new theory of liability not raised in any of the iterations of relators' complaint over the past seven years, some two years after the deadline for pleading amendments passed. *See* Rec. Doc. 260-1. Relators opposed the motion, contending that the standby issue is directly relevant to the allegations in their complaint. *See* Rec. Doc. 263. Shaw filed a reply asserting that relators misstate and selectively quote the allegations in their Fifth Amended Complaint to get around the simple fact that relators' prior pleadings do not support a cause of action for Shaw fraudulently billing for the standby time of its workers. *See* Rec. Doc. 270.

On June 2, 2016, the Court denied without prejudice Shaw's motion for summary judgment. *See* Rec. Doc. 265. The Court found it appropriate to permit relators an extension of time to conduct discovery on two electronic databases and to depose Stephen DeBlasio regarding Shaw's involvement in the work order issuing process. *See id.* The Court ruled that its denial of the motion for summary judgment was not meant to interfere with the magistrate judge's consideration of Shaw's then-pending motion for a protective order on the standby time issue. *See id.* at 5 n.5.

The assigned magistrate judge granted Shaw's motion for a protective order at a hearing on the motion on June 8, 2016. *See* Rec. Doc. 284. At the hearing, the magistrate judge pressed counsel for relators on the issue of why standby time had not been explicitly discussed as an issue until March, 2016. *See id.* at 7. The magistrate judge concluded that, upon review of the

file, the standby issue had not been timely raised. *See id.* at 10. The magistrate judge noted that

he did not oppose relators seeking an appeal to "expand the case," but that a protective order was

appropriate because the issue had not been properly pled. *Id.*

Relators timely filed the instant appeal on June 22, 2016. Rec. Doc. 279.

## II. Arguments of the Parties

Relators' central argument on appeal is that the Fifth-Amended Complaint states a claim

against Shaw "for unauthorized work orders" and that Shaw's billing for standby time is directly

relevant to relators' claims "that Shaw billed FEMA for work that was not authorized by its

contract or that was not actually performed. *See* Rec. Doc. 279-1 at 11–12. Relators assert that

"standby time is by definition, billing for services not rendered." *See id.* at 12. Furthermore,

relators contend that there is no question that Shaw actually did bill FEMA for standby time and

that there is a "dearth of evidence produced to date showing that this billing was authorized by

the contract, task orders or work orders issued by FEMA to Shaw." *See id.* at 8. Relators contend

that they properly put Shaw on notice of its intent to discuss standby time before its Rule

30(b)(6) deposition and that Shaw, rather than seeking a protective order before the Rule

30(b)(6), had its representative improperly refuse to answer questions regarding standby time at

the deposition. *See id.* at 16–17. Relators assert that Shaw has not and cannot demonstrate that

producing discovery related to standby time would be unduly burdensome. *See id.* at 15–16.

Should the Court uphold the magistrate judge's ruling on Shaw's protective order,

relators ask that the Court allow relators to amend their complaint for the sixth time. *See id.* at

18–20. Relators argue that they have proceeded on a "good-faith basis that all claims for billings

not authorized by the contract or for services not provided were within the allegations of the

Fifth Amended Complaint" and now promptly move to amend. *Id.* at 19. Furthermore, relators

assert the standby time issue derives from the evidence they obtained during discovery regarding allegations contained in the operative complaint. *See id.* at 20.

In its opposition, Shaw asserts that there is nothing in the magistrate judge's nondispositive ruling that is clearly erroneous or contrary to the law as required for a district court to reverse the ruling under Rule 72(a). Rec. Doc. 286. Shaw further argues that relators have not shown good cause for why an untimely pleading amendment should be allowed at this late stage of the litigation. *See id.*

**III. Discussion**

The Court concludes that no part of the magistrate judge's order granting Shaw's motion for a protective order was clearly erroneous or contrary to the law, as required by Rule 72(a).[4] The Fifth Amended Complaint alleges facts related to Shaw double and triple billing for trailer installation, deactivation, and maintenance done only once or billing for trailer installation, deactivation, and maintenance not done at all. *See* Civ. A. No. 06-11229, Rec. Doc. 258 at 7–9, 11–14, 16–17, & 22.[5] Relators in essence argue that these allegations properly put Shaw on notice of having to produce discovery related to every conceivable form of unauthorized billing Shaw might have committed. Relators' contention that standby time is by definition a service not rendered is overly simplistic and fails to account for the clear nature of the allegations in the Fifth Amended Complaint—that Shaw billed FEMA for trailer installations, deactivations, and maintenance not actually performed. Simply stated, relators' Fifth Amended Complaint does not contain allegations adequately putting Shaw (or the Court) on notice that billing for standby time

---

[4] Relators fail to address whether Shaw's motion for a protective order was dispositive or nondispositive. It is clear the motion was nondispositive, meaning the appellate review standards of Rule 72(a) apply. FED.R.CIV.P. 72(a).

[5] Notably, relators expressly alleged that *Flour* billed for work outside the scope of their contract with FEMA, but did not lodge similar allegations against Shaw. *See* Civ. A. No. 06-11229, Rec. Doc. 258 at 21–22. With this in mind, relators' argument that the Fifth Amended Complaint states a claim that "Shaw billed FEMA for work that was not authorized by its contract" becomes all the more dubious. *See* Rec. Doc. 279-1 at 12.

was at issue or even relevant to relators' allegation that Shaw billed. The magistrate judge correctly concluded that Shaw was entitled to a protection order on the standby time issue.

The Court also concludes that it would not be appropriate to allow relators to amend the Fifth Amended Complaint at this late stage in the litigation. Courts freely give leave to amend when justice so requires. FED.R.CIV.P. 15(a)(2). In this case, relators have been afforded ample time and process to pursue and develop their claim against Shaw. The deadline for amending pleadings has long since passed. Indeed, at the most recent scheduling conference in October 2015, the parties apparently agreed that the deadline had expired. *See* Rec. Doc. 195. In its order denying Shaw's motion for summary judgment without prejudice, the Court afforded relators time to proceed with discovery on claims that are actually in the operative complaint. The Court concludes that no injustice will occur by limiting relators to only those claims clearly put forth in their Fifth Amended Complaint.

Accordingly,

**IT IS ORDERED** that relators' motion is **DENIED** in all respects. Rec. Doc. 279

New Orleans, Louisiana, this 12th day of July, 2016.

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE